# JOSEPH ABRUZZO
### CLERK OF THE CIRCUIT COURT & COMPTROLLER
### PALM BEACH COUNTY

**CASE NUMBER: 50-2023-CA-015207-XXXA-MB**
**CASE STYLE: DIGGES, CAROL E V WELLS FARGO BANK**
ACCESS LEVEL: D

| Search Criteria | Search Results | Case Info | Party Names | Dockets & Documents | Case Fees |
|---|---|---|---|---|---|

| Court Events |
|---|

View documents and order certified copies*. See our eCaseView FAQ for step-by-step guidance and information about what documents are available online.

**Document Icons**

Document available. Click icon to view.
Add a certified copy of the document to your shopping cart.
Document is Viewable on Request (VOR). Click to request.
VOR document is being reviewed. Click to be notified when available.

0

Public =          VOR =          In Process =          Page Size: 25

| | | DIN | Effective Date | Description | Notes |
|---|---|---|---|---|---|
| | | 2 | 10/27/2023 | CIVIL COVER SHEET | |
| | | 3 | 10/27/2023 | COMPLAINT | F/B PLT |
| | | 1 | 10/30/2023 | DIVISION ASSIGNMENT | AK: Circuit Civil Central - AK (Civil) |
| | | 4 | 10/30/2023 | PAID $401.00 ON RECEIPT 5095212 | $401.00 5095212 Fully Paid |
| | | 5 | 10/31/2023 | DCM DESIGNATION TO THE GENERAL TRACK WITH JURY TRIAL ORDER | JAMES SHERMAN 10/31/2023 |
| | | 6 | 02/07/2024 | ORDER DIRECTING SERVICE | ORDER DIRECTING PLAINTIFF TO EFFECT SERVICE UPON DEFENDANT JAMES NUTT CIRCUIT 02/07/2024 |
| | | 7 | 02/08/2024 | SUMMONS ISSUED | Eric@ericashpa.com;ericashesq@gmail.com AS TO DFT WELLS FARGO BANK NA |
| | | 8 | 02/09/2024 | PAID $10.00 ON RECEIPT 5208429 | $10.00 5208429 Fully Paid |
| | | 9 | 02/15/2024 | SERVICE RETURNED (NUMBERED) | VERIFIED RETURN OF SERVICE SERVED WELLS FARGO BANK, N.A - 02/12/2024 |

517-e6b867cd-31d4-4090-992d-129ccad36963

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

#### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>FIFTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u>   COUNTY, FLORIDA

<u>Carol Digges, Eric B Ash</u>
Plaintiff                                                                      Case # _____

                                                                                     Judge _____

vs.
<u>Wells Fargo Bank</u>
Defendant

#### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

#### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
     ☐ Business governance
     ☐ Business torts
     ☐ Environmental/Toxic tort
     ☐ Third party indemnification
     ☐ Construction defect
     ☐ Mass tort
     ☐ Negligent security
     ☐ Nursing home negligence
     ☐ Premises liability—commercial
     ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
     ☐ Commercial foreclosure
     ☐ Homestead residential foreclosure
     ☐ Non-homestead residential foreclosure
     ☐ Other real property actions

☐ Professional malpractice
     ☐ Malpractice—business
     ☐ Malpractice—medical
     ☐ Malpractice—other professional
☒ Other
     ☐ Antitrust/Trade regulation
     ☒ Business transactions
     ☐ Constitutional challenge—statute or ordinance
     ☐ Constitutional challenge—proposed amendment
     ☐ Corporate trusts
     ☐ Discrimination—employment or other
     ☐ Insurance claims
     ☐ Intellectual property
     ☐ Libel/Slander
     ☐ Shareholder derivative action
     ☐ Securities litigation
     ☐ Trade secrets
     ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
      ☐ Residential Evictions
      ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

    **IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

    **V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   2

    **VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
       ☐ yes
       ☒ no

    **VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
       ☒ no
       ☐ yes If "yes," list all related cases by name, case number, and court.

    **VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
       ☒ yes
       ☐ no

    **IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
       ☐ yes
       ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Eric Ash           Fla. Bar # 976891
       Attorney or party                    (Bar # if attorney)

Eric Ash               10/27/2023
 (type or print name)             Date

- 3 -

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CAROL E. DIGGES,                                                    CASE NO.

      Plaintiff,

v.

WELLS FARGO BANK, N.A., a Foreign
Corporation,

      Defendant,

_____/

## COMPLAINT

**COMES NOW**, the Plaintiff CAROL E. DIGGES, by and through undersigned

counsel, and hereby sues WELLS FARGO BANK, N.A., and alleges the following:

## GENERAL ALLEGATIONS

1.     This is a civil action for damages in excess of Thirty Thousand Dollars

($30,000.00), the minimal jurisdictional limits of this Court, exclusive of costs, interest, and

attorneys' fees.

2.     At all times material hereto, the Plaintiff, CAROL E. DIGGES, was a resident

of Palm Beach County, and owned property in Palm Beach County, located at 630 S.

Sapodilla Ave., Unit 319, West Palm Beach, Florida 33401 (FL19168382-RW).

3.     The Defendant, WELLS FARGO BANK, N.A., (hereinafter "WELLS

FARGO") is a national banking institution, which is chartered and supervised by the Office

of the Comptroller of the Currency (OCC) and conducts business across the State of Florida

1

to provide financial services on a global basis.  Defendant WELLS FARGO is a Foreign Corporation that maintains its principal place of business in North Carolina.  At all times material hereto, Defendant WELLS FARGO operated, conducted, engaged and otherwise carried on a business venture in Palm Beach County, Florida.

4.      Attached hereto as Exhibit "A" to the Complaint is a copy of the HUD-1 Settlement Statement prepared by FIRST ACTION TITLE AGENCY, LLC, by and through its officer and escrow officer, JAMIE MAHONEY.

5.      The closing for this real estate transaction took place on October 28, 2019. Prior to the closing date, Plaintiff DIGGES had engaged a real estate agent with respect to this real estate transaction who prepared a contract for the the sale of her property located at 630 S. Sapodilla Ave., Unit 319, West Palm Beach, Florida 33401.  (See Exhibit "B," the executed "'As Is' Residential Contract for Sale and Purchase" at p. 12).

6.      Prior to the time of the closing, which took place October 28, 2019, the Seller/Plaintiff DIGGES personally delivered a deposit slip from her Wells Fargo bank account to her real estate agent, in order for the agent provide the proper wiring instructions/information to the title insurance agent. The amount of the wire was TWO HUNDRED THIRTY THOUSAND, FOUR HUNDRED AND THIRTY-ONE DOLLARS AND THIRTY-NINE CENTS ($230,431.39).

7.      At all material times, Plaintiff DIGGES was a regular customer of the WELLS FARGO branch, located at 1615 Palm Beach Lakes Boulevard, MAC Z6363-010, West Palm Beach, FL 33401.

8.      Upon information and belief, on or about the day of closing, the computer system at the office of the title agent was hacked by some third party, who posed as

2

Plaintiff/Seller DIGGES on the day of the closing and changed the wiring instructions.

9.    The imposter(s) sent emails to title agent posing as Plaintiff DIGGES and using an incorrect email address/domain name, which did not belong to Ms. Digges.

10.    More specifically, on or about October 28, 2019, the imposter/computer hacker, posing as Plaintiff/Seller Ms. DIGGES, sent a series of emails to the title agent from email address/domain name *winbushj@tutanota.com* rather than Plaintiff DIGGES correct email address *cdigges@comcast.net*.

11.    The imposter changed the wiring instructions for the destination of the subject transaction from a WELLS FARGO account number ending in ▮▮▮▮▮▮▮▮ to one ending in ********3766, and changed the WELLS FARGO routing number from one ending in *****0390 to one ending in ▮▮▮▮▮▮▮.

12.    These funds were received by WELLS FARGO into the checking account ending in ▮▮▮▮▮▮▮ opened by someone using Plaintiff's name at Defendant WELLS FARGO.

13.    The WELLS FARGO bank account ending in ▮▮▮▮▮▮▮ had recently been opened online without sufficient evidence of proof of identity of the initiating party.

14.    On October 28, 2019 at 10:09 PM, the imposter wrote: "Jamie (closing agent) Below is the wiring instruction I'll like to have it wired too. Please kindly acknowledge the wire transfer confirmation receipt immediately the wire has been transmitted.

    Bank Name: Wells Fargo
    Bank Address: 303 Banyan Blvd, West Palm Beach, FL 33401
    Account Number: ▮▮▮▮
    Routing Number: ▮▮▮▮0248
    Account Name: Carol Digges

I'm in a meeting with limited access to my phone, Kindly email me if you need

anything.  Thank you, Carol."

15.     On October 28, 2019 at 12:14 PM, the imposter asked: "Jamie Can you confirm if the wire has been initiated? Please advise! Thank you, Carol."

16.     On October 28, 2019 at 3:11 PM, the hacker(s) wrote Defendant MAHONEY again asking for confirmation and Defendant MAHONEY responded: "Hi!! The wire has been sent, please see below wire confirmation!! I will email you the closing documents tomorrow.  Thank you so much and let me know if you need anything!!!!"

17.     By email, dated October 28, 2019 at 3:22 PM, from the closing agent contained a forwarded message from Defendant FIRST ACTION TITLE AGENCY, LLC's bank, Bank of America (BOA), bankofamericatransfers@mail.transfers.bankofamerica.com, dated October 28, 2019 at 3:19:33 PM EDT, which stated as follows:

"We have successfully sent the following transfer:

> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
> Item #: 278882940
> Amount: $229,087.39
> To: CAROL DIGGES
> Fee: 30.00
> Sent on Date 10/28/2019
> Service: Same Day
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

[…]."

18.     The emails sent from the imposter/computer hacker posing as Plaintiff DIGGES on the date of the closing were, in fact, never sent by the real CAROL DIGGES.

19.     The imposter's emails were also not sent to the real CAROL DIGGES, nor was the real CAROL DIGGES copied on them.

20.     In brief, on the day of the subject closing, the imposter sent an email to the title agent purportedly from Plaintiff DIGGES requesting a change in wiring instructions,

even though the real CAROL DIGGES had already provided a deposit slip with the correct wiring instructions to the closing agent, via her real estate agent.

21.     On or about October 30, 2020, Plaintiff CAROL DIGGES learned that DEFENDANT MAHONEY of FIRST ACTION TITLE AGENCY, LLC had instructed the Title Company's bank, Bank of America (BOA), to send the proceeds from the sale of the subject property to an incorrect bank account number at Defendant WELLS FARGO.

22.     Defendant WELLS FARGO, which held and maintained Plaintiff CAROL DIGGES' personal checking account, accepted and deposited the proceeds from the sale of Plaintiff DIGGES' property into a new bank account, which, upon information and belief, had only recently been opened *online* at Defendant WELLS FARGO using Plaintiff's name and a different account number.

23.     The transfer of such a significant sum of money into a new account, which had recently been opened, and opened online, was, in and of itself, sufficiently suspicious that the subject transfer should have been flagged and the funds frozen while Defendant WELLS FARGO thoroughly investigated and vetted the transaction.

24.     The proceeds from the sale of Plaintiff DIGGES property were not frozen or held for a significant amount of time by Defendant WELLS FARGO and were subsequently transferred to another bank account.

25.     Defendant WELLS FARGO has refused to provide Plaintiff DIGGES with the name of the individual or entity which actually received her funds at WELLS FARGO.

26.     In addition, Defendant WELLS FARGO has refused to disclose the name of the individual or entity to whom WELLS FARGO then subsequently transferred the funds

5

after receiving them.

27.     Defendant WELLS FARGO has declined to name the bank which received these funds or the country in which it is located.

28. By doing so, Defendant WELLS FARGO BANK has acted in as a matter of fact in concert with the imposters, has facilitated their actions and has acted in a grossly negligent fashion.

29.     Banks routinely hold on to wire transfers involving substantial amounts of money shortly after a new account is created.  The failure to do so suggests not only gross negligence, but even the possibility that there may have been deliberate involvement and wrongdoing by an employee working at Defendant WELLS FARGO.

30.     Defendant WELLS FARGO has refused to reveal the name of the employee(s) involved in handling the subject transaction.

31.     The incident described herein was reported to the FBI, which made a report of the incident.  Scams of this nature are so widespread that the misdirected wire-transfer in this case was not considered large enough to merit further investigation.

32.     Had Defendant WELLS FARGO acted appropriately and in conformity with industry standards as set forth herein, more likely than not, the Plaintiff would not have incurred the financial loss that she incurred.

33.     As a result of the Defendants' negligence, Plaintiff suffered a financial loss with respect to the sale in the amount of TWO HUNDRED THIRTY THOUSAND, FOUR HUNDRED AND THIRTY-ONE DOLLARS AND THIRTY-NINE CENTS ($230,431.39).

<u>COUNT I:</u>
<u>NEGLIGENCE AGAINST DEFENANT WELLS FARGO</u>

Plaintiff hereby adopts and re-alleges paragraphs one through fifty above as if fully set forth herein, and further states:

34.     As a bank holding Plaintiff DIGGES funds, Defendant WELLS FARGO had a duty to act at all times in the interest of Plaintiff DIGGES and in good faith and to ensure that funds destined for WELLS FARGO's clients are not improperly obtained or misdirected through the use of a fraud scheme orchestrated at or through WELLS FARGO and associated accounts.  None of the funds intended for Plaintiff DIGGES account belonged to or were the property of WELLS FARGO, whose duty was to safeguard those funds and to disburse them only upon authorization in accordance with their T&C.

35.     WELLS FARGO knew that there had been fraudulent online banking activities and scams within the banking industry, including at WELLS FARGO itself, especially involving transfers of the proceeds of real estate sales from title companies.

36.     In fact, WELLS FARGO was in a better position than Plaintiff DIGGES to appreciate this danger and to safeguard against it.

37.     Further, WELLS FARGO knew that imposters often open bank accounts under the name of existing customers in order to facilitate this deception and divert funds intended to be delivered to clients' accounts.

38.     WELLS FARGO knew that new accounts opened online were especially likely to be used by outside sources to facilitate fraudulent wire transfers and as such had a duty to hold such funds for a reasonable time to ensure that they were not being used to perpetrate fraud.

39.     Despite being notified by Plaintiff DIGGES within approximately two days

that she had been the target of wire-fraud scam, WELLS FARGO failed to seize those monies and instead transferred them to another bank account, one most likely located outside of the United States.

40.     WELLS FARGO breached its duty to protect Plaintiff DIGGES' money from being improperly taken through fraudulent activities by: failing to follow protocol when establishing the bank account to which Plaintiff DIGGES monies were initially wired; failing to know the identity of all personas and entities associated with that account; failing to put in place and/or follow all safeguards when setting up accounts or receiving wire transfers; failing to hold or stop the transfer Plaintiff DIGGES money from WELLS FARGO to another bank account in a destination (most likely aboard), which WELLS FARGO refuses to disclose; and failing to otherwise detect and prevent this fraud by following known banking safety regulations and protocol.

41.     WELLS FARGO failed to inform Plaintiff DIGGES or BOA of the obvious fraudulent wire transfer that they knew, or should have known, was made to a WELLS FARGO and of the second wire transfer that was made from WELLS FARGO to another banking institution, one most likely located abroad.

42.     By failing to timely recall the fraudulent wire transfer of funds from WELLS FARGO to another banking institution, a wire transfer which WELLS FARGO knew or should have known was fraudulent, WELLS FARGO breached its fiduciary duty to act at all times in good faith and in Plaintiff DIGGES' interest.

43.     By undertaking the aforementioned actions, WELLS FARGO knowingly assisted, aided and abetted and/or participated in the fiduciary breaches set forth above and described herein.

8

**COUNT II:**
**CLAIM FOR BREACH OF CONTRACT AND BREACH OF THE IMPLIED**
**COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST DEFENDANT**
**WELLS FARGO**

Plaintiff hereby adopts and re-alleges paragraphs one through fifty above as if fully set forth herein, and further states:

44.     Upon information and belief, Plaintiff DIGGES was subject to the terms and conditions of the Treasury Services Terms and Conditions (hereinafter referred to as "T&C"), which WELLS FARGO will contend is a binding agreement between WELLS FARGO and Ms. Digges as to each and every provision contained therein.

45.     The T&C prepared entirely by WELLS FARGO is an agreement used throughout the banking industry, and Plaintiff DIGGES had no meaningful ability or power to change any of the terms, conditions or provisions of such agreement.

46.     Portions of the T&C, among other provisions, emphasize the extreme importance of preventing others from wrongfully obtaining access to computer equipment or transmitting facilities, and that the customer should safeguard against potential unauthorized use, including unauthorized electronic transfers, unauthorized checks, or other withdrawal orders.

47.     At all times material hereto, there existed an implied covenant of good faith and fair dealing, where WELLS FARGO impliedly promised and represented to Ms. DIGGES that it would not do anything which would deprive Ms. DIGGES of the benefits of the contractual and statutory relationship between Ms. DIGGES and WELLS FARGO.  This duty includes a duty to do everything that the T&C requires, and what WELLS FARGO will

9

do, including a reasonable expectation to protect the security of transactions to WELLS FARGO involving Ms. DIGGES' money.

48.     By accepting the fraudulent wire transfer under the name of Ms. DIGGES, described in paragraph 26 above, in the amount of   TWO HUNDRED THIRTY THOUSAND, FOUR HUNDRED AND THIRTY-ONE DOLLARS AND THIRTY-NINE CENTS ($230,431.39) from FIRST ACTION TITLE AGENCY, LLC's bank account at BOA to an erroneous bank account at WELLS FARGO, and WELLS FARGO's failure to act appropriately in accepting the transfer while not following its own policies as outlined in the T&C, as well as its failure to act appropriately in freezing the wire transfer within its bank, WELLS FARGO breached the T&C and also breached the implied covenant of good faith and fair dealing that existed between WELLS FARGO and Plaintiff DIGGES by virtue of their banking relationship and as existed in the T&C between the parties.

49.     Prior to the initiation of this lawsuit, Plaintiff DIGGES made due demand upon WELLS FARGO for reimbursement of the fraudulently transferred money which was accepted in violation of the covenant of good faith and fair dealing.  Although due demand has been made, WELLS FARGO has failed and refused to pay Plaintiff DIGGES the money stolen as a result of the breach of the T&C and breach of the covenant of good faith and fair dealing.

50.     As a direct and proximate result of such breach of the T&C and the implied covenant of good faith and fair dealing, Plaintiff DIGGES has suffered damages in the amount of TWO HUNDRED THIRTY THOUSAND, FOUR HUNDRED AND THIRTY-ONE DOLLARS AND THIRTY-NINE CENTS ($230,431.39) plus interest.

WHEREFORE, Plaintiff CAROL  DIGGES  respectfully  demands  judgment  for

damages against the Defendant WELLS FARGO together with post-judgment interest, attorney's fees and costs along with any further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff CAROL DIGGES demands a trial by jury on all issues triable by law.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this Complaint was filed electronically in compliance with Florida Rules of Judicial Administration 2.515 and 2.516.

I FURTHER CERTIFY for purposes of service of any documents after initial process that eric@ericashpa.com is the primary and ericashesq@gmail.com is the secondary email address.

**ERIC ASH, ESQ.**
*Counsel for Plaintiff Carol E. Digges*
215 South Olive Avenue
Suite 301
West Palm Beach, FL 33401
Telephone: (561) 284-8993
Email: eric@ericashpa.com

By:   /s/ Eric Ash /s/
       Florida Bar No. 976891



### JOSEPH ABRUZZO

# RECEIPT
5095212

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

Printed On:
10/30/2023 03:02
Page 1 of 1

| Receipt Number: 5095212 - Date 10/30/2023  Time 3:02PM | | | |
|---|---|---|---|
| **Received of:** | Eric Ash 224 Datura St West Palm Beach, FL 33401 | | |
| **Cashier Name:** | ADMIN | **Balance Owed:** | 401.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 401.00 |
| **Receipt ID:** | 11487193 | **Remaining Balance:** | 0.00 |
| **Division:** | AK: Circuit Civil Central - AK(Civil) | | |

| Case# 50-2023-CA-015207-XXXA-MB -- PLAINTIFF/PETITIONER: DIGGES, CAROL | | | |
|---|---|---|---|
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 401.00 | 401.00 | 0.00 |
| **Case Total** | **401.00** | **401.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_ACH | 9348624 | **401.00** |
| **Total Received** | | **401.00** |
| **Total Paid** | | **401.00** |



**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your
feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION: "AK"
CASE NO.: 502023CA015207XXXAMB

CAROL E DIGGES,
     Plaintiff/Petitioner
vs.
WELLS FARGO BANK,
     Defendant/Respondent.

_____/

## ORDER IMPLEMENTING DIFFERENTIATED CASE MANAGEMENT PLAN, DESIGNATING CASE TO THE GENERAL TRACK, ORDER SETTING CALENDAR CALL AND CASE MANAGEMENT CONFERENCE AND DIRECTING PRETRIAL AND MEDIATION PROCEDURES (DCMGJT)

     **THIS MATTER** is a Circuit Civil case calling for a jury trial. Accordingly, it is

     **ORDERED AND ADJUDGED** that pursuant to Administrative Order 3.110 (as amended), this case is designated to the **GENERAL TRACK**. The deadlines established by this Order are to ensure the case is **disposed of within 18 months from the date of filing.** To that end, the following procedures and deadlines shall be strictly observed:

I. **SERVICE OF THIS ORDER, ACTIVE CASE MANAGEMENT AND NON-COMPLIANCE**

     **Plaintiff/Petitioner is directed to serve this Order** upon each Defendant/Respondent with the Initial Complaint/Petition and Summons. The deadlines and procedures set forth herein are firm and may be modified only upon a showing of a good faith attempt to comply with the deadlines or demonstration of a significant change of circumstances and through the process established in the 15th Circuit's Administrative Order 3.110 (as amended).

     The parties are expected to actively manage the case and to confer early and often to ensure compliance with this order and timely resolution of the case. The parties and counsel are expected to govern themselves at all times with a spirit of cooperation, professionalism, and civility. They are expected to accommodate each other whenever reasonably possible and eliminate disputes by reasonable agreements.

     **Self-Represented/Pro se litigants** (i.e. those without counsel) are held to the same obligations imposed upon counsel.

     **Motions to extend deadlines** must be filed *prior* to the deadline. Untimely motions will be denied absent compelling circumstances and showing of good cause.

     **NONCOMPLIANCE WITH THIS ORDER, ABSENT A SHOWING OF GOOD CAUSE, MAY RESULT IN DISMISSAL OF THE ACTION, THE STRIKING OF PLEADINGS, WITNESSES, OR EXHIBITS, REMOVAL OF THE CASE FROM THE DOCKET, DEFAULT OR ANY OTHER APPROPRIATE**

SANCTION.

The failure to act in good faith and comply with this order must be reported, if not resolved through a conference of the parties and good faith conferral, by filing a **"Suggestion of Non-Compliance with Pre-Trial Order"** that must be set for hearing in a timely manner. The Suggestion must name the non-compliant person, describe the act of non-compliance, be served upon all parties and sent to the Court's chambers. Responses may only be submitted upon request of the Court. Failure to correct any non-compliance before the hearing may result in sanctions as described above. The parties will notify the Court immediately if non-compliance is cured; if cured more than 7 days before the hearing, the hearing may be cancelled.

II. <u>**SCHEDULING, CONTINUANCES AND PRETRIAL DEADLINES**</u>

**A CASE MANAGEMENT CONFERENCE and CALENDAR CALL will be held on April 25, 2025**. The parties must be ready to try the case by that day. The specific time of Case Management Conference and procedures for conducting Calendar Call can be found on the Division's webpages at www.15thcircuit.com. The Calendar Call may be conducted in-person or by e-calendar.

The trial period begins the first business day of the immediately following week after the above-listed Case Management Conference and Calendar Call, unless otherwise described in the divisional instructions or by court order.

**TRIAL CONTINUANCES:** If a case cannot be ready for trial by the Calendar Call despite all good faith efforts, a motion to continue trial must be set for a Differentiated Case Management (DCM) Conference as described in the 15th Circuit's Administrative Order 3.110 (as amended) and the next paragraph. Any motion to continue the trial must comply with Fla. R. Civ. P. Rule 1.460, including that they are signed by the client. The Motion must be filed and the DCM Conference set no more than **30 DAYS** from the last defendant being served or as soon as circumstances giving rise to the need for a continuance becomes known and only for good cause. Every motion for a continuance must include a proposed Amended DCMO resetting each pretrial deadline that remains applicable and indicating the month the case can be ready for trial.

**DCM CONFERENCES:** DCM conferences are scheduled through the Circuit's Online Scheduling System under DCM- Case Management Conference Scheduling. No less than ten (10) days in advance of the DCM Conference the parties must file with the Clerk a Joint Status Report that:

1. Concisely updates the Court on the status of the case,
2. Identifies pending motions and other matters the Court needs to address, and
3. If applicable, provides a proposed revised pretrial schedule.

The parties must upload the Joint Status report at least 7 days in advance of a DCM Conference through the e-courtesy feature of the Circuit's Online Scheduling System. The parties are to be prepared at the DCM Conference to address the topics listed in Rule 1.200(a) and for the court, at its discretion, to hear or set for hearing any pending motions.

**The following deadlines (discussed in detail below) apply unless otherwise modified by the Court:**

Case No. 50-2023-CA-015207-XXXA-MB

| | EVENTS | DESCRIPTION | COMPLETION DEADLINE |
|---|---|---|---|
| 1. | Service of Complaint | See Part III.A, infra | February 24, 2024 Service under extension is only by court order. |
| 2. | Pleading Amendments/ Adding parties | See Part III.B, infra | April 24, 2024 |
| 3. | Resolution of all motions/objections directed to the pleadings *(i.e. to dismiss or strike)* and pleadings closed * | See Part III.B, infra | July 3, 2024 |
| 4. | Expert Witnesses and Compulsory Examinations | See Part III.D, infra | December 26, 2024 |
| 5. | Witness & Exhibit Lists | See Part III.C, infra | December 26, 2024 |
| 6. | Rebuttal Witness Lists | See Part III.E, infra | January 15, 2025 |
| 7. | Filing Summary Judgment & *Daubert* Motions | See Part III.J, infra | January 25, 2025 |
| 8. | Discovery Cut-Off | See Part III.H, infra | January 25, 2025 |
| 9. | Pre-Trial Meet & Confer | See Part III.I, infra | March 26, 2025 |
| 10. | Deposition Designations | See Part III.G, infra | April 5, 2025 |
| 11. | Deadline for Mediation | See Part IV, infra | April 15, 2025 |
| 12. | Deadline to hear ALL Motions | See Part III.J, infra | April 20, 2025 |
| 13. | Jury Instructions and Verdict Form | See Part III.O, infra | April 22, 2025 |
| 14. | Trial Ready Date ** | See Part II, supra | April 25, 2025 |

**Fla. R. Gen. Prac. & Jud. Admin. Rule 2.514 governs if any deadlines falls on a weekend or holiday.**

\* The parties must expeditiously address any motions directed to the pleadings. Defensive motions under Rule 1.140 of the Fla. R. Civ. P., motions to extend time to file a defensive motion or pleading, and any other motion preventing the matter from being at issue shall be set for hearing within **five (5) days** of filing. The motion should be scheduled for hearing at the earliest date that the Court and parties are available.

\*\* The Court reserves the authority to expedite the trial setting and amend the pretrial deadlines accordingly.

III. **UNIFORM PRETRIAL PROCEDURES**

    A. **Timely Service and Defaults:**

        Parties must make reasonable efforts to ensure speedy service. Each return of service must be separately filed for each defendant. If service is not completed within 90 days, an Order will be issued directing service by the **120 DAY DEADLINE**. Failure to comply will result in dismissal of the case or party for lack of service. Any motions to extend the deadline for service must specify why

Page **3** of **9**

Case No. 50-2023-CA-015207-XXXA-MB

service could not have been effectuated, what is being done to effectuate service and request only that amount of additional time necessary.

If all defendants become defaulted, a Motion for Default Final Judgment along with supporting documentation must be filed within **30 days** of the last default and set for hearing at the next available hearing time.

B. **Amendment of Pleadings, Motions Directed at Pleadings and Notice for Trial:**
Any Motions to Amend Pleadings to add parties, must be filed no later than the first business day **180 DAYS AFTER THE CASE IS FILED**.

The parties must expeditiously address any other motions directed to the pleadings. Defensive motions under Rule 1.140, Fla. R. Civ. P., motions to extend time to file a defensive motion or pleading, and any other motion preventing the matter from being at issue must be set for hearing within **5 days** of filing to be heard at the earliest date that the Court and parties are available.

If the pleadings are not closed and the case not at issue **250 DAYS AFTER FILING**, the parties must appear for a DCM Conference to be noticed and held in accordance within the 15th Circuit's Administrative Order 3.110 and Divisional Instructions located on the Circuit's website for the Division to which the case is assigned.

C. **Exhibits and Witnesses**. On the last business day no later than **120 DAYS PRIOR TO CALENDAR CALL**, the parties must exchange lists of all trial exhibits, names and addresses of all trial witnesses.

D. **Expert Witnesses and Compulsory Medical Examinations.** If Expert Witnesses or Compulsory Medical Examinations are anticipated, the Parties must confer and establish a schedule for completing related discovery, including deadlines for disclosures, written discovery, depositions and motions directed at Experts or Compulsory Medical Examiners that will result in the completion of Expert/CME Discovery and resolution of Motions directed at them at least **120 DAYS BEFORE TRIAL**.

If agreed, the parties must submit a proposed Expert/CME Scheduling Order for entry by the Court. If not, the parties must appear for a DCM Case Management Conference.

**Expert Disclosures:** In addition to names and addresses of each expert retained to formulate an expert opinion with regard to this cause, both on the initial listing and on rebuttal, the parties must provide:

1. The subject matter about which the expert will testify;
2. The substance of facts and opinions to which the expert will testify;
3. A summary of the grounds for each opinion;
4. A copy of any written reports issued by the expert; and
5. A copy of the expert's curriculum vitae.

**One Expert Per Specialty:** The parties will be limited to one expert witness per specialty unless they obtain leave of Court to list and call more than one expert witness per specialty, no later than 60 days prior to calendar call.

E. **Rebuttal Witnesses and Exhibits.** On the last business day no later than **100 DAYS PRIOR TO CALENDAR CALL**, the parties must exchange lists of names and addresses of all rebuttal witnesses and list of any rebuttal exhibits.

F. **Additional Exhibits, Witnesses Or Objections.** At trial, the parties will be strictly limited to exhibits and witnesses disclosed and objections reserved on the schedules attached to the Pre-Trial Stipulation prepared in accordance with paragraphs D and E, absent agreement specifically stated in the Pre-Trial Stipulation or order of the Court upon good cause shown. Failure to reserve objections constitutes a waiver. A party desiring to use an exhibit or witness discovered after counsel have conferred pursuant to paragraph D must immediately furnish the Court and other counsel with a description of the exhibit or with the witness' name and address and the expected subject matter of the witness' testimony, together with the reason for the late discovery of the exhibit or witness. Use of the exhibit or witness may be allowed by the Court for good cause shown or to prevent manifest injustice.

G. **Deposition Designations.** No later than **20 DAYS PRIOR TO CALENDAR CALL**, each party must serve designation of depositions, or portions of depositions, each intends to offer as testimony. No later than **10 DAYS PRIOR TO CALENDAR CALL**, each opposing party is to serve any counter (or "fairness") designations to portions of depositions designated, together with objections to the depositions, or portions thereof, originally designated. No later than **5 DAYS BEFORE** calendar call, each party must serve any objections to counter designations served by an opposing party.

H. **Discovery Cutoff.** Unless otherwise agreed in the Pre-Trial Stipulation, all discovery must be completed no later than **90 DAYS PRIOR TO CALENDAR CALL** absent agreement for later discovery specifically stated in the Pre-Trial Stipulation or for other good cause shown. Absent unforeseeable, exigent circumstances, the failure to complete discovery is not grounds for a continuance.

I. **Pre-Trial Meet and Confer.** On the last business day no later than **30 DAYS PRIOR TO CALENDAR CALL**, the parties must confer and:

1. Discuss settlement;
2. Simplify the issues and stipulate, in writing, as to as many facts and issues as possible;
3. Prepare a Pre-Trial Stipulation in accordance with paragraph E; and
4. List all objections to trial exhibits.

J. **Motions:** The Parties must plan for, file and timely set hearings for any motions they expect the Court to address in advance of trial. **No motions will be heard the day of trial**. Few are appropriate after Calendar Call. The parties must confer early in the case and coordinate briefing and discovery schedules, as necessary, to ensure motions are timely heard.

While motion practice is critical to the advancement and streamlining of a case, the Parties are reminded they **DO NOT have an absolute right to most motions being heard**. Failure to timely file and set motions for hearing in advance of Calendar Call will likely result the Court denying a request for hearing. Failure to file and have a motion heard is not grounds for a trial continuance.

**Summary Judgment and *Daubert* Motions** must be filed at least **90 DAYS prior to Calendar Call**. The parties shall confer regarding summary judgment motions to ensure discovery necessary for those motions is completed in advance of their filing.

**ALL MOTIONS** (including dispositive motions to motions in limine), must be heard no less than **5 days before Calendar Call**. Parties must plan and seek hearing time sufficiently in advance to ensure this deadline is met.

K. **Filing of Pre-Trial Stipulation.** It is the duty of counsel for the Plaintiff to see that the Pre-Trial Stipulation is drawn, executed by counsel for all parties, and filed with the Clerk no later than **20 DAYS PRIOR TO CALENDAR CALL**. Unilateral pretrial statements are disallowed, unless approved by the Court, after notice and hearing showing good cause. Counsel for all parties are charged with good faith cooperation in this regard. The Pre-Trial Stipulation must contain in separately numbered paragraphs:

1. A list of all pending motions including Motions *In Limine* and *Daubert* Motions requiring action by the Court and the dates those motions are set for hearing. **Motions not listed are deemed waived**.

2. Stipulated facts requiring no proof at trial which may be read to the trier of fact;

3. A statement of all issues of fact for determination at trial;

4. Lists of exhibits itemized as follows:

   a. Exhibits to be admitted by Plaintiff without objection;

   b. Exhibits to be admitted by Defendant without objection;

   c. Objected to Exhibits, with the specific basis for the objection stated.

   Note: Reasonably specific description of each exhibit is required. Non-specific descriptions like "all documents produced in discovery" will be stricken. Moreover, Objections may not be "reserved." Failure to specify an objection constitutes its waiver.

5. Each party's numbered list of trial witnesses with addresses (including all known rebuttal witnesses); the list of witnesses must be on separate schedules attached to the Stipulation;

6. A statement of total estimated time for trial, including the time needed per side for (1) jury selection, (2) opening arguments, (3) each case in chief, and (4) closing arguments.

7. Names of attorneys to try case and their contact information; and

8. The number of peremptory challenges per party.

Failure to file the Pre-Trial Stipulation or a Court Approved Unilateral Stipulation as provided above may result in the case being stricken from the Court's calendar or other sanctions, including dismissal or default.

L. **Pre-Trial Conference pursuant to Fla. R. Civ. P. 1.200** If a pre-trial conference is set upon motion of a party or by the Court, counsel must meet and prepare a

stipulation pursuant to paragraph K, infra, and file the stipulation no later than **5 DAYS BEFORE THE CONFERENCE**. Failure to request a pre-trial conference in a timely fashion constitutes a waiver of the notice of requirement of Rule 1.200. Absent prior approval, Motions for Summary Judgment will not be heard at any pre-trial conference.

M. **Pre-Marking Exhibits.** Prior to trial, each party is to mark for identification all exhibits, as directed by the clerk. (instructions and templates found at www.mypalmbeachclerk.com/departments/courts/evidence-guidelines/civil-evidence)

N. **Enlarged Jury Panels:** Local Rules require advance approval of the Chief Judge and Jury Office for jury panels exceeding 31 jurors. To ensure enough jurors are available, requests for enlarged jury panels must be resolved at least 6 months before calendar call.

O. **Jury Instructions and Verdict Form:** A joint set of proposed jury instructions and a proposed verdict form must be provided to the court no less than **3 days BEFORE TRIAL** in a printed form appropriate for submission to the jury and in Microsoft Word format.

If there is an objection to a proposed instruction, the instruction should be followed by the specific objection, a brief explanation, and a citation to legal authority. If an alternative or modified instruction is proposed, it should follow the instruction it is intended to replace.

P. **Unique Questions Of Law.** Prior to calendar call, counsel for the parties are directed to exchange and simultaneously submit to the Court appropriate memoranda with citations to legal authority in support of any unique legal questions that may reasonably be anticipated to arise during the trial.

IV. **MEDIATION**

A. All parties are required to participate in mediation as follows:

1. The attendance of counsel who will try the case and representatives of each party with full authority to enter into a complete compromise and settlement is mandatory. If insurance is involved, an adjuster with authority up to the policy limits must attend.

2. At least one week prior to a scheduled mediation conference, all parties are to file with the mediator a brief, written summary of the case containing a list of issues as to each party.

3. All communications at the mediation conference are privileged consistent with Florida Statutes sections 44.102 and 90.408.

4. The mediator has no power to compel or enforce a settlement agreement. If a settlement is reached, it is a responsibility of the attorneys or parties to reduce the agreement to writing and to comply with Florida Rule of Civil Procedure 1.730(b), unless waived.

B. The Plaintiff's attorney is responsible for scheduling mediation. The parties should

Case No. 50-2023-CA-015207-XXXA-MB

agree on a mediator. If they are unable to agree, any party may apply to the Court for appointment of a mediator in conformity with Rule 1.720 (j), Fla. R. Civ. P. The lead attorney or party must file and serve on all parties and the mediator a Notice of Mediation giving the time, place, and date of the mediation and the mediator's name.

C. **Completion of mediation prior to calendar call is a prerequisite to trial and must be completed no later than 10 DAYS PRIOR TO CALENDAR CALL.** If mediation is not conducted, or if a party fails to participate in mediation, the case, at the Court's discretion, may be stricken from the trial calendar, pleadings may be stricken, and other sanctions may be imposed.

D. Any party opposing mediation may proceed under Florida Rule of Civil Procedure 1.700(b).

**DONE AND ORDERED** in West Palm Beach, Palm Beach County, Florida.

50-2023-CA-015207-XXXA-MB     10/31/2023

James Sherman     Judge

50-2023-CA-015207-XXXA-MB     10/31/2023
James Sherman
Judge

A copy of this Order has been furnished to the Plaintiff. The Plaintiff shall serve this Order to the Defendant(s) in compliance with Administrative Order 3.110 (amended).

Case No. 50-2023-CA-015207-XXXA-MB

This notice is provided pursuant to Administrative Order No. 2.207

    "**If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**"

    "**Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**"

    "**Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711.**"

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION: "AK"
CASE NO.: 50-2023-CA-015207-XXXA-MB

CAROL E DIGGES,
      Plaintiff/Petitioner

vs.

WELLS FARGO BANK,
      Defendant/Respondent.

_____/

### ORDER DIRECTING PLAINTIFF TO EFFECT SERVICE UPON DEFENDANT(S)
### (ODS)

**NOTE: Although this Order was entered by the Administrative Judge for the Circuit Civil Divisions, the parties should continue presenting all motions, proposed orders or questions relating to this matter to the Judge presiding over the division to which the case remains assigned.**

      **THIS CAUSE** came before the Court upon a *sua sponte* review of the court file. Pursuant to Administrative Order 3.110, case review for Lack of Service will take place after Ninety (90) days. Ninety (90) days has elapsed since the filing of the complaint, the Defendant(s) has not been served with process. Plaintiff is placed on notice that it must complete service required by Florida Rule of Civil Procedure 1.070(j).

      **IT IS HEREBY ORDERED AND ADJUDGED** that

1. Pursuant to Florida Rule of Civil Procedure 1.070(j), the Plaintiff is directed to serve process on Defendant(s) within one hundred and twenty (120) days from the date of filing of the Complaint.

2. If Plaintiff is unable to serve by the one hundred and twenty (120) day deadline, Plaintiff may file a motion showing good cause or excusable neglect why the Defendant(s) has not yet been served with process. The motion must contain specific detail showing good cause or excusable neglect for the failure and what steps are being undertaken to serve. No extensions will be granted unless a timely motion is filed which lays out the required detail. In the event that Plaintiff elects to file a motion for good cause or excusable neglect, the Plaintiff <u>must set the same motion for hearing</u> pursuant to divisional instructions on the Uniform Motion Calendar and must occur no later than thirty (30) days from the date of this Order.

      Failure to obtain an Order Granting Extension of Time or serve process on all Defendant(s) in the time frames set forth above will result in an Order of Dismissal of the case against the unserved Defendant(s).

Case No. 50-2023-CA-015207-XXXA-MB

 

 

**DONE AND ORDERED** in Chambers, at West Palm Beach, Palm Beach County, Florida.

**ADMINISTRATIVE JUDGE FOR DIVISIONAL JUDGE**

50-2023-CA-015207-XXXA-MB   02/07/2024
James Nutt   Circuit Judge

50-2023-CA-015207-XXXA-MB   02/07/2024
James Nutt
Circuit Judge

**COPIES TO:**

ERIC ASH, ESQ. 2240 PALM BEACH LAKES BVLD SUITE 101 WEST PALM BEACH, FL 33409   ERIC@ERICASHPA.COM ericashesq@gmail.com

NOT A CERTIFIED COPY

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CAROL E. DIGGES,                    CASE NO. 502023CA015207XXXAMB
Plaintiff,
v.
WELLS FARGO BANK, N.A., a Foreign
Corporation, Defendant,
_____/

## SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL
## ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO
## CITATION: L'ASSIGNATION PERSONAL SUR UN INDIVIDUEL

TO The Sheriffs of the State of Florida:
YOU ARE COMMANDED to serve this summons and copy of the petition, claim or complaint in this action on:

WELLS FARGO BANK, N.A.
C/O CORPORATION SERVICE COMPANY 1201
HAYS STREET TALLAHASSEE, FL 32301-2525

## IMPORTANT

A lawsuit has been filed against you.  You have **20 calendar days** after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court, located at: Palm Beach County Clerk's Office, 205 N Dixie Hwy, West Palm Beach, FL 33401.
A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be **filed** if you want the Court to hear your side of the case.

**If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court.**  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also serve a copy of your written response on the party serving this summons at:

Eric Ash, Esq.
215 South Olive Avenue., Suite 302
West Palm Beach, FL., 33401.

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:  You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

DATED: **Feb 09 2024**

## JOSEPH ABRUZZO
CLERK OF THE CIRCUIT COURT

(SEAL)



By: _____

Deputy Clerk   **JOSIE LUCCE**

NOT A CERTIFIED COPY

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon moun ki enfim ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711.



**JOSEPH ABRUZZO**

**RECEIPT**

5208429

CLERK OF THE CIRCUIT COURT & COMPTROLLER

PALM BEACH COUNTY, FLORIDA

Printed On:

02/09/2024 10:54

Page 1 of 1

| Receipt Number: 5208429 - Date 02/09/2024  Time 10:54AM | | | |
|---|---|---|---|
| **Received of:** | Eric Ash 224 Datura St West Palm Beach, FL 33401 | | |
| **Cashier Name:** | ADMIN | **Balance Owed:** | 10.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 10.00 |
| **Receipt ID:** | 11608538 | **Remaining Balance:** | 0.00 |
| **Division:** | AK: Circuit Civil Central - AK(Civil) | | |

| Case# 50-2023-CA-015207-XXXA-MB -- PLAINTIFF/PETITIONER: DIGGES, CAROL E | | | |
|---|---|---|---|
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 10.00 | 10.00 | 0.00 |
| **Case Total** | **10.00** | **10.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_ACH | 10269818 | **10.00** |
| **Total Received** | | **10.00** |
| **Total Paid** | | **10.00** |



**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.

**For office locations and information about Clerk & Comptroller services:**

Visit www.mypalmbeachclerk.com or call (561) 355-2996.

## VERIFIED RETURN OF SERVICE

State of Florida             County of Palm Beach             Circuit Court

Case Number: 502023CA015207XAMB

Plaintiff:
**CAROL E. DIGGES**

vs.

Defendant:
**WELLS FARGO BANK , N.A., A FOREIGN CORPORATION**

For:
Eric Ash*
Eric Ash, P.A.
215 South Olive Avenue
Suite 301
West Palm Beach, FL 33401

Received by Mulberry Legal Services on the 9th day of February, 2024 at 5:35 pm to be served on **WELLS FARGO BANK, N.A. A FOREIGN CORPORATION, BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY, 1201 HAYS STREET, TALLAHASSEE, FL 32301**.

I, Christopher "Chris" Compton, do hereby affirm that on the **12th day of February, 2024 at 10:15 am, I:**

SERVED the within named corporation by delivering a true copy of the  SUMMONS; COMPLAINT; ORDER IMPLEMENTING DIFFERENTIATED CASE MANAGEMENT PLAN, DESIGNATING CASE TO THE GENERAL TRACK, ORDER SETTING CALENDAR CALL AND CASE MANAGEMENT CONFERENCE AND DIRECTING PRETRIAL AND MEDIATION PROCEDURES (DCMGJT); with the date and hour of service endorsed thereon by me to: CHELSEA WANG as designated representative of the Registered Agent (Company) for WELLS FARGO BANK, N.A. at BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY, 1201 HAYS STREET, TALLAHASSEE, FL 32301 and informed said person of the contents therein, pursuant to F.S. 48.081

**Description** of Person Served: Age: 20, Sex: F, Race/Skin Color: ASIAN, Height: 4'11, Weight: 100, Hair: BLACK, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the Second Judicial Circuit in which the process was served. Under penalty of perjury I declare I have read the foregoing documents and that the facts stated in it are true.  Notary not required pursuant to FL Statute 92.525 Sec (2).

Christopher "Chris" Compton
Certified Process Server # 101

**Mulberry Legal Services**
**2101 Vista Parkway**
**Suite 103**
**West Palm Beach, FL 33411**
**(561) 624-0526**

Our Job Serial Number: MLS-2024000767

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2s

