IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:24-cv-80283-RLR

CAROL E. DIGGES,
Plaintiff,

v.

WELLS FARGO BANK, N.A.,
Defendant.
_____/

## THIRD AMENDED COMPLAINT

The Plaintiff CAROL E. DIGGES, by undersigned counsel, and hereby sues WELLS

FARGO BANK, N.A., and alleges the following:

## GENERAL ALLEGATIONS

1.     This is a civil action wherein PLAINTIFF demands damages in excess of

$75,000.00 and has been removed by the Defendant to this Court from the 15th Judicial

Circuit, in and for Plam Beach County, Fl.

2.     At all times material hereto, the Plaintiff, CAROL E. DIGGES was a resident

of Palm Beach County.

3.     The Defendant, WELLS FARGO BANK, N.A., (hereinafter "WELLS

FARGO") conducts business across the State of Florida and in doing so provides financial

services on a statewide, national and international basis.

4.     At all times material hereto, Defendant WELLS FARGO operated, conducted,

engaged and otherwise carried on business in Palm Beach County, Florida.

5.      At all times material hereto, the Plaintiff, CAROL E. DIGGES, 83 years old, owned property located at 630 S. Sapodilla Ave., Unit 319, West Palm Beach, Florida 33401 Fl.

6.      PLAINTIFF CAROL DIGGES, with the assistance of agents acting on her behalf, orchestrated the sale of that property.

7.      The closing for this real estate transaction took place on October 28, 2019.

8.      At that time, Plaintiff DIGGES was a customer of the WELLS FARGO branch at 1615 Palm Beach Lakes Boulevard, West Palm Beach, FL 33401 where she typically if not exclusively conducted her business in person.

9.      On the day of closing, or shortly before that date, the computer system at the office of the title agent managing the sale transaction was hacked or the transmissions otherwise intercepted by a third party.

10.      On or about October 28, 2019, the imposter posing as PLAINTIFF/Seller sent a series of emails to the title agent from email address/domain name *winbushj@tutanota.com*.

11.      In doing so, the imposter changed the wiring instructions for the destination of the funds from the closing from PLAINTIFF'S WELLS FARGO account number to a WELLS FRAGO account ending in 3766, not the PLAINTIFF'S account, and changed the WELLS FARGO routing number to one ending in 0248, not the PLAINTIFF's branch location.

12      The 3766 account had only very recently been opened, online, by a person who was not the PLAINTIFF

13.      PLAINTIFF'S closing agent instructed Bank of America (BOA), who

maintained the closing agent's escrow account, to wire the fruits of the sale from that escrow account to the WELLS FARGO 3766 account, by an order referencing PLAINTIFF by name.

14.     PLAINTIFF does not and never has owned any interest in the WELLS FARGO account ending in 3766.

15.     PLAINTIFF had no knowledge of or control over the operation or management of the WELLS FARGO 3766 account.

16.     The transfer of such a significant sum of money into a new account, which had only recently been opened and opened online, rather than in person, and at a location different from the one used by its customer, PLAINTIFF here, was, in and of itself, unlikely and thus suspicious.

17.     Banks routinely hold transfers involving substantial amounts of money shortly after a new account is created.

18.     In this instance, WELLS FARGO transferred the sums in question out of the 3766 in less than forty-eight hours.

19.     Defendant WELLS FARGO has refused to reveal the name of the employee(s) involved in handling the subject transaction.

20. The failure to hold the funds, together with the actions described in the forgoing paragraphs 16-19, suggests the possibility that there was deliberate involvement and wrongdoing by an employee working for Defendant WELLS FARGO.

21.     Defendant WELLS FARGO BANK has consequently acted de facto in concert with the imposters and has facilitated their actions.

21.     WELLS FARGO was aware that the 3766 account was opened by a person not the Plaintiff.

22.     WELLS FARGO had actual knowledge that person controlling the 3766 account, as putative beneficiary, was a person not the PLAINTIFF.

23.     Consequently, WELLS FARGO knew that the name and the account number did not match the intended beneficiary, PLAINTIFF DIGGES.

24.     WELLS FARGO breached its duty under the law to protect DIGGES' money from being improperly taken through fraudulent activities by accepting the BOA bank transfer into the WELLS FARGO 3766 account.

25.     As a result of the Defendants' decision to accept the BOA transfer order, Plaintiff suffered a financial loss with respect to the sale in the amount of two hundred thirty thousand, four hundred and thirty-one dollars and thirty-nine cents ($230,431.39).

## COUNT I:
## CLAIM AGAINST DEFENDANT WELLS FARGO UNDER FLA. STAT. § 670.207

26. The allegations contained in paragraphs 1-25 are realleged here.

27. WELLS FARGO breached its violation under Fla. Stat. § 670.207, to comply with the sender's instructions regarding a fund transfer.

28. WELLS FARGO breached its duty as stated above by improperly relying on either the account holder's name or the account number in executing the sender's payment order, knowing that the name and number identified different persons.

29. WELLS FARGO's breach of its duties as receiving bank caused damages to DIGGES. in the amount of $230,431.39.

WHEREFORE, DIGGES. prays for compensatory damages, together with interest, costs, and any other appropriate relief.

ERIC ASH, ESQ.
Counsel for Plaintiff Carol E. Digges
215 North Olive Avenue,
Suite 301
West Palm Beach, FL 33401
Telephone: (561) 284-8993
Email: eric@ericashpa.com

By:   /s/ Eric Ash /s/
Florida Bar No. 976891

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of August, 2024, a true and correct copy of the foregoing was served

on all parties in the manner indicated on the attached Service List.

**ERIC ASH, ESQ.**
*Counsel for Plaintiff Carol E. Digges*
By:   /s/ Eric Ash /s/

## SERVICE LIST

CAROL E. DIGGES V. WELLS FARGO BANK, N.A. USDC S.D. FLA.
CASE NO. 9:24-CV-80283

VIA CM-Via ECF:
David A. Greene and Selene C. Vazquez Fox Rothschild LLP 777 S. Flagler Drive Suite 1700 – West Tower West Palm Beach, FL 33401 dgreene@foxrothschild.com; pbeservice@foxrothschild.com svazquez@foxrothschild.com
Attorneys for Defendant Wells Fargo Bank, N.A.

Eric Ash Eric Ash P.A. 215 S Olive Avenue Suite 301 West Palm Beach, FL 33401 eric@ericashpa.com
Attorney for Plaintiff Carol E. Digges