UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:24-cv-80283-RLR

CAROL E. DIGGES,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

### DEFENDANT, WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT WITH PREJUDICE

Defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6) and S.D. Fla. L.R. 7.1, moves to dismiss the Third Amended Complaint (the "Complaint") [ECF No. 33] filed by Plaintiff, Carol E. Digges ("Digges"), with prejudice, and states:

### I.    Preliminary Statement

This action relates to a wire transfer of the proceeds from the sale of Plaintiff's real property. Plaintiff attempts to state a single claim for alleged violations of Fla. Stat. §670.207, with respect to a wire transfer that was directed and credited to a Wells Fargo customer's account after the closing agent received fraudulent wire instructions from an unknown third party. Plaintiff fails to sufficiently allege a cause of action against Wells Fargo. Since Plaintiff has made several unsuccessful attempts to assert a claim against Wells Fargo, this action should be dismissed with prejudice.

## II. Allegations in Complaint

Plaintiff's Complaint contains the following pertinent allegations:

1. Plaintiff, a Wells Fargo customer, sold real property to a third-party. Compl., ¶¶ 5-8.

2. An unknown third party hacked the title agent's computer, posed as the Plaintiff, and changed the routing number and account number on the wire instructions, leading her title agent to wire the sale proceeds, in the amount of $230,431.39, to a Wells Fargo account with an account number ending in #3766 (the "Beneficiary Account"), which Plaintiff did not open, own, have knowledge of, or control. *Id.*, ¶¶ 9-15, 25.

3. The Beneficiary Account had recently been opened online, Wells Fargo had actual knowledge that the person controlling the Beneficiary Account was not Plaintiff, and Wells Fargo "knew that the name and the account number did not match the intended beneficiary" identified in the payment order. *Id.*, ¶¶ 12, 21-23, 28.

4. Wells Fargo accepted the wire transfer, "transferred the sums in question … in less than forty-eight hours," and has not disclosed the name(s) of the employee(s) who were involved in handling the transaction. *Id.*, ¶¶ 18, 19, 24.

Based upon the foregoing, Plaintiff has attempted to assert a single claim against Wells Fargo for violations of Fla. Stat. § 670.207.

2

### III. <u>Memorandum of Law</u>

**A. Legal Standard.**

A court may dismiss an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain "factual allegations" that are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint must include more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 555). While *facts* alleged in a complaint are to be accepted as true, conclusory allegations are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680-81. A court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

**B. Count I Fails to State a Claim for Violation of Fla. Stat. § 670.207.**

Plaintiff alleges that Wells Fargo "breached its violation (sic) under Fla. Stat. § 670.207, to comply with the sender's instruction regarding a fund transfer," and "improperly rel[ied] on either the account holder's name or the account number in executing the sender's payment order, knowing that the name and number identified different persons." Compl., ¶¶ 27-28.

The Uniform Commercial Code ("UCC") specifically provides that a beneficiary's bank has no obligation to determine whether the beneficiary's name and account number

3

in a wire transfer order refer to the same person. Fla. Stat., §670.207(2)(a) ("The beneficiary's bank need not determine whether the name and number refer to the same person."); *Peter E. Shapiro, P.A. v. Wells Fargo Bank, N.A.*, 352 F. Supp. 3d 1226, 1231 (S.D. Fla. 2018), aff'd, 795 F. App'x 741 (11th Cir. 2019). Likewise, a beneficiary's bank is permitted to rely solely upon the account number in a wire order, even if the name of the beneficiary in that order does not match the name of the holder of the account credited, as long as the beneficiary's bank does not have knowledge of the name/number mismatch when the transfer is accepted. *See* Fla. Stat. §§ 670.207(2)(a), (3)(a). Stated another way, when a beneficiary's bank "***does not know*** that the name and number [on a wire transfer order] refer[s] to different persons, it *may rely on the number* as the proper identification of the beneficiary of the order." Fla. Stat. § 670.207(2)(a) (emphasis added).

The term "knowledge" in this context means "actual knowledge" by the individual conducting the "particular transaction." Fla. Stat. § 671.209(2) ("'Knowledge' means actual knowledge."); Fla. Stat. 671.201(27) ("knowledge … by an organization is effective for a particular transaction from the time when *it is brought to the attention of the individual conducting that transaction*, and, in any event, from the time when it would have been brought to the individual's attention if the organization had exercised due diligence." (emphasis added)) *see also Shapiro*, 352 F.Supp.3d, at 1232. Thus, the only situations in which "acceptance" of a wire transfer may not occur are when *the name and account number on the wire transfer order identify different persons* **and** the beneficiary's bank either: (1) "pays the person identified by name;" or (2) *the individual* conducting

4

the transaction has *actual knowledge at the time of payment* that "*the name and number identify different persons*." *See* Fla. Stat. §§ 670.207, 671.201(27), 671.209(2) (emphasis added).

Here, Plaintiff's claim is based upon the following allegations:

1. The closing agent was tricked into changing the beneficiary's account number on the wire transfer order to an account number ending in #3766;

2. The closing agent instructed its bank to wire the sale proceeds to a Wells Fargo account with an account number ending in #3766; and

3. Wells Fargo credited the wire transfer proceeds to an account with an account number ending in #3766.

Comp., ¶¶ 11, 13, 24.

Plaintiff has neither attached the wire transfer order as an exhibit to her Complaint, nor alleged that the beneficiary's name and account number *on the payment order* received by Wells Fargo identified different persons. Accordingly, Plaintiff has not even alleged facts that would constitute a violation of Fla. Stat. § 670.207.

While not a violation of Fla. Stat. § 670.207, Plaintiff's Complaint alleges only the *conclusion* that Wells Fargo had actual knowledge that *the name and number on the Beneficiary Account* identified different persons, without alleging any *facts* that would support that conclusion. *See, e.g.*, Compl., ¶¶ 21-23. These conclusory allegations are not sufficient to establish that Wells Fargo had actual knowledge of a name/number mismatch, as required to maintain a claim under Fla. Stat. 670.207. *See Iqbal*, 556 U.S. at

5

678; Fla. Stat. §§ 671.201, 670.207; *see also Julio J. Valdes, M.D., P.A. v. Customers Bank, Inc.*, 830 F. App'x 598, 601 (11th Cir. 2020) (affirming dismissal where plaintiff failed to plausibly plead defendant "had actual knowledge of the discrepancy"); *Flaherty v. Wells Fargo Bank Nat'l Ass'n*, 623 F. Supp. 3d 1124, 1131 (D. Nev. 2022) (dismissing claim because complaint alleged, without supporting facts, that bank "knew or should have known that the wire transfer order identified different persons by name and number").

To be clear, an allegation that Wells Fargo's records establish that Plaintiff did not own, operate, or control the Beneficiary Account is not sufficient to establish the "actual knowledge" required to support a claim under Fla. Stat. § 670.207. *See Peter E. Shapiro, P.A.*, 352 F. Supp. 3d at 1232-33. ("information stored within a bank's computer system does not create actual knowledge or a duty to investigat[e]").

Finally, Plaintiff cannot, in good faith, allege that Wells Fargo had knowledge of the name/number mismatch with respect to this transaction because to do so, she would have to allege facts that establish that "it had been brought to the attention of the individual conducting that transaction." Fla. Stat § 671.201(27). Wells Fargo accepts wire transfers for its customers' accounts by automated means, and thus there is no individual at Wells Fargo to whose attention the mismatch would be brought. *See* Fla. Stat. §670.207 cmt. 2 ("A very large percentage of payment orders issued to the beneficiary's bank by another bank are processed by automated means using machines capable of reading orders on standard formats that identify the beneficiary by an identifying number or the number of a bank account. The processing of the order by the beneficiary's bank and the

crediting of the beneficiary's account are done by use of the identifying or bank account number without human reading of the payment order itself. … Subsection (b) allows banks to utilize automated processing by allowing banks to act on the basis of the number without regard to the name if the bank does not know that the name and number refer to different persons. … [T]he clear trend is for the beneficiary's banks to process payment orders by automated means … ."); *see also, e.g., TME Enters., Inc. v. Norwest Corp.*, 124 Cal. App. 4th 1021, 1026, 22 Cal. Rptr. 3d 146, 149 (2004) ("At the time of the transaction at issue, Norwest Bank [Wells Fargo's predecessor] used an automated system for processing incoming wire transfers").

Nor can Plaintiff allege facts that would satisfy the requirements of Fla. Stat. § 671.201(27) needed to establish that an organization has "knowledge" of a particular fact. As explained above, Fla. Stat. § 671.201(27) applies only when an "individual" conducts a transaction for an organization. Here, Plaintiff has not and cannot allege that any individual conducted the transaction because that process is automated. As such, no individual was responsible for discovering, investigating, or communicating name/account mismatches and Plaintiff cannot allege in good faith the Wells Fargo had the requisite knowledge of a name/number mismatch.

Accordingly, Plaintiff's Complaint fails to state a claim against Wells Fargo and must be dismissed.

### C. Action Should Be Dismissed With Prejudice.

This is Plaintiff's third attempt to state a cause of action against Wells Fargo in this case.[1] The Eleventh Circuit has made clear that "[t]here attempts at proper pleading are enough." *Urquilla-Diaz v. Kaplan University*, 780 F.3d 1039, 1057 (11th Cir. 2015). At that point, as here, dismissal with prejudice is appropriate. *Id.*; *Andersen v. Smithfield Foods, Inc.*, 207 F.Supp.2d 1358, 1364 (M.D. Fla. 2002) (dismissing complaint with prejudice after three unsuccessful attempts to state a cause of action).

## IV.   Conclusion

Plaintiff's Third Amended Complaint should be dismissed because it fails to state a cause of action for violations of Fla. Stat. § 670.207. Plaintiff has not alleged (and cannot allege) that Wells Fargo had actual knowledge of a mismatch on the wire transfer order between the beneficiary's name and account number at the time that it made payment. Since Plaintiff has made three unsuccessful attempts to state a cause of action, this matter should be dismissed with prejudice.

---

[1] While the operative pleading is titled "Third Amended Complaint," Plaintiff did not file a "Second Amended Complaint." However, Plaintiff had previously attempted to assert claims against Wells Fargo pertaining to the same transaction in a prior state court action.

WHEREFORE, Defendant, Wells Fargo Bank, N.A., respectfully requests entry of an Order dismissing Plaintiff's Third Amended Complaint in its entirety with prejudice, awarding costs, and granting such other and further relief as is just and proper.

Dated: August 23, 2024.

>
> FOX ROTHSCHILD LLP
> 777 S. Flagler Drive
> Suite 1700 – West Tower
> West Palm Beach, FL 33401
> Tel.: (561) 804-4441
>
> By: */s/ David A. Greene*
>   David A. Greene
>   Florida Bar No. 87629
>   dgreene@foxrothschild.com
>   wpbeservice@foxrothschild.com
>   Selene C. Vazquez
>   Florida Bar No. 1026093
>   svazquez@foxrothschild.com
>
> *Attorneys for Defendant, Wells Fargo Bank, N.A.*