UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-80283-ROSENBERG

CAROL E. DIGGES,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

_____/

## ORDER GRANTING THE DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court the Defendant's Motion to Dismiss at docket entry 36. The Motion has been fully briefed. For the reason set forth below, the Motion is granted.

This is a case about a wire transfer. DE 33 at 2. The Plaintiff sold real property but, before the transaction could be finalized, the computer system of the Plaintiff's title agent was hacked. *Id.* As a result, the money that should have been wired to the Plaintiff was instead wired to the unknown hacker. *Id.* The Plaintiff has filed this suit against the bank that the hacker used to receive the wire transfer, Wells Fargo. *Id.* The premise underlying the Plaintiff's suit, which is brought pursuant to Florida law, is that Defendant Wells Fargo should have known that the wire transfer was not for the Plaintiff's benefit and therefore should have refused to accept the wire transfer, because the name on the wire transfer (the Plaintiff's name) did not match the account number on the wire transfer (the hacker's account number). *Id.*

The Defendant has moved to dismiss the Plaintiff's Third Amended Complaint on five grounds: (1) that the Defendant had no obligation under Florida law to determine if the wire transferee account name and account number did not match, (2) that the Defendant was permitted under Florida law to rely solely on the account number when accepting the wire transfer, (3) that the Third Amended Complaint does not allege that the name and account number corresponded to

two different people, (4) that the Third Amended Complaint does not allege facts that establish that the Defendant had actual knowledge of a name/account number mismatch, and (5) that the Florida statute that the Plaintiff's claim is premised upon does not apply when, as here, the wire transfer was processed by automated means.  In response, the Plaintiff does not respond to four of the Defendant's five grounds for dismissal; the Plaintiff only responds to the Defendant's fourth argument on whether the Plaintiff has pled actual knowledge.

Local Rule 7.1(c)(1) requires a party opposing a motion to file an opposing memorandum of law and also provides that "[f]ailure to do so may be deemed sufficient cause for granting the motion by default."  Moreover, "[f]ailure to respond to arguments in a motion to dismiss is a sufficient basis to dismiss such claims by default under" the Local Rule. *A1 Procurement, LLC v. Hendry Corp.*, No. 11-23582-CIV, 2012 WL 6214546, at *3 (S.D. Fla. Dec. 13, 2012).  A response to a motion that does not address all the arguments in the motion fails to comply with Local Rule 7.1. *Id.*  For these reasons, the Plaintiff's failure to respond to four of the Defendant's five grounds for dismissal (which are persuasively supported with citations to on-point authority) is alone a sufficient basis to grant the Motion.

As for the one ground that the Plaintiff does respond to—whether the Plaintiff has alleged that the Defendant had actual knowledge that the account name and number did not match—the Court agrees with the Defendant that the Plaintiff has failed to plausibly allege the same.  *See* Fla. Stat. § 670.207; *Peter E. Shapiro, P.A. v. Wells Fargo Bank, N.A.*, 352 F. Supp. 3d 1232-33 (S.D. Fla. 2018) ("[I]information stored within a bank's computer system does not create actual knowledge or a duty to investigate.").  Simply stated, the Plaintiff cannot allege actual knowledge based upon information in the Defendant's computer systems—the Plaintiff can only allege actual knowledge based upon specific knowledge that a *person* employed by the bank possessed. *Id.*  This the Plaintiff has not done.

The Plaintiff has now had three opportunities to plead an actionable claim, and this is the third time in succession that the Court has dismissed the Plaintiff's pleading. As the Plaintiff has been afforded adequate opportunity to amend, and given that this case is now greater than six months old, the Court's dismissal is now without leave to amend.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Defendant's Motion to Dismiss [DE 36] is **GRANTED**, the Plaintiff's Third Amended Complaint is **DISMISSED WITHOUT LEAVE TO AMEND**, and the Clerk of the Court shall **CLOSE THIS CASE**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 24th day of September, 2024.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE